UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTHA BRADLEY** | **CIVIL ACTION** |
| **VERSUS** | |
| **MACY'S CORPORATE SERVICES, INC.** | **NO.: 19-00031-BAJ-RLB** |

RULING AND ORDER

Before the Court is Defendant's **Motion for Summary Judgment (Doc. 10)**. Plaintiff filed a Memorandum in Opposition (Doc. 11), to which Defendant filed a Reply Memorandum (Doc. 14). For the reasons stated herein, the Motion is **GRANTED**.

I.  **BACKGROUND**

On December 14, 2017, Plaintiff Martha Bradley slipped and fell at a department store in Baton Rouge owned by Defendant Macy's Retail Holdings, Inc. ("Macy's"), resulting in injuries that, among other things, required back surgery.[1] (Doc. 1–3, at ¶¶ 4, 5, & 9). The slippery floor, Plaintiff argues, constituted a defective condition on Defendant's premises that Defendant "knew, or in the exercise of reasonable care should have known of the existence of," yet failed to remedy, resulting in Plaintiff's injuries. (*Id*. at ¶¶6–8). Plaintiff seeks compensation for injuries

---

[1] Defendant has noted it was improperly named as "Macy's Corporate Services, Inc." by Plaintiff in the Petition.

including medical expenses, physical and mental pain, emotional distress, temporary or permanent disabilities, and loss of life's pleasures. (*Id.* at ¶ 11).

## II.  LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1968). A fact is "material" if it "might affect the outcome of the suit." *Id.* at 248.

In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an *actual controversy*, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (citation omitted) (emphasis added).

"Where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the nonmovant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citation omitted).

## III.   DISCUSSION

The Louisiana Merchant Liability Act governs Plaintiff's claim. To show that Defendant is liable for Plaintiff's injuries, she must prove the elements of an ordinary negligence claim *and* that (1) the condition existing on Defendant's premises presented an unreasonable risk of harm to her and that the risk of harm was reasonably foreseeable; (2) Defendant either created or had actual or constructive notice of the condition; and (3) Defendant failed to exercise reasonable care. LA. R.S. 9:2800.6(B). Plaintiff makes no showing that Defendant had actual notice of the condition, so here the Court must evaluate the element of constructive notice.

To establish constructive notice, Plaintiff must show "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." LA. R.S. 9:2800.6(C)(1). To satisfy this burden, Plaintiff "must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1082. A simple showing that the condition existed, absent an additional showing that it existed for some time before the fall, fails to establish constructive notice. *Id*. at 1084.

Here, Plaintiff has put forth no positive evidence of notice, and merely offers speculation. In her Opposition, Plaintiff argues that the circumstantial evidence indicates that water was spilled on the floor "by some unknown person who was clear of the area…or that the water was due to a dripping overhead sprinkler pipe."

3

(Doc. 11, at p. 5). While Plaintiff concedes that the law places a heavy burden upon her, she argues that the burden has been satisfied by this circumstantial speculation because the law does not require her to "prove precisely how long a foreign substance was on the floor prior to her fall." (*Id*. at 5).

However, there is a broad spectrum between showing that the condition existed for *some* time, as required by law, and mandating a precise calculation of the time. Plaintiff's arguments fail to register on that spectrum. Instead, she merely points to a wet sprinkler that she noticed after her fall that she contends is a "possible…source of the water." (*Id*. at p. 3). However, Plaintiff did not observe any dripping from the pipe and provides no testimony that anyone else did so. (Doc. 10–3, at p. 13). Further, the employee who cleaned the spill testified in her deposition that she had no idea where the water came from, and altogether does not recall the incident. (Doc. 10–5, at p. 6). Plaintiff does not offer any evidence from other employees or witnesses indicating otherwise.

Because Plaintiff fails to identify any evidence indicating that an unsafe condition existed for some amount of time prior to her fall, the Court finds that Plaintiff has failed to identify a genuine issue of material fact. *See Pollet v. Sears Roebuck & Co.,* 46 F. App'x 226 (5th Cir. 2002) (per curiam) (affirming summary judgment in favor of merchant and finding that plaintiff failed to offer evidence sufficient to create a genuine issue of material fact on the constructive notice component of her Louisiana Merchant Liability Act claim). She has fallen short of her burden of establishing actual or constructive knowledge of the condition resulting in

4

her injury, and the Court cannot treat mere speculation as a genuine issue of material fact.

To be clear, the Court does not contest Plaintiff's claim that she slipped and fell at Defendant's store. The central finding of the issue of liability here is Plaintiff's inability to show that Defendant, through its employees, was aware of the hazardous condition that allegedly caused Plaintiff's injuries. The result reached herein, while arguably harsh, is compelled by the expressed provisions of the Louisiana Merchant Liability Act, as noted *supra*.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Doc. 10)** is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

**IT IS FURTHER ORDERED** that Defendant's **Motion in Limine (Doc. 16)** is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Extension of Time (Doc. 24) is DENIED AS MOOT**.

Baton Rouge, Louisiana, this 17th day of July, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**