UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARTHA BRADLEY                                              CIVIL ACTION

VERSUS

MACY'S CORPORATE SERVICES                      NO. 19-00031-BAJ-RLB

## RULING AND ORDER

In accordance with the Order from the United States Court of Appeals for the Fifth Circuit, (Doc. 45) the Court will address *pro se* Plaintiff's **Motion for Summary Reconsideration (Doc. 29)**. Plaintiff requests that the Court "please take this matter into consideration to give [her] the opportunity to be given a fair try [sic]." (Doc. 29, p. 1). Plaintiff does not articulate whether she moves to alter or amend a judgment under Federal Rule of Civil Procedure ("Rule") 59 or relief from a judgment or order under Rule 60(b). However, because Plaintiff's Motion is untimely under Rule 59[1], the Court will construe it as a Motion for relief from a final order under Rule 60. *See Bullard v. Blue Hills Bank*, 575 U.S. 496, 506 (2015) ("An order granting a motion for summary judgment is final."). For the foregoing reasons, Plaintiff's Motion is **DENIED**.

This case arose from a December 2017 slip-and-fall at a Macy's department store located in Baton Rouge, Louisiana. *See* (Doc. 1). Defendant, Macy's Retail

---

[1] A Motion to alter or amend a judgment under Rule 59 "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Plaintiff filed the instant motion on August 20, 2020. (Doc. 29). Therefore, the Motion is untimely under Rule 59, as the final judgment was not entered until September 21, 2020. (Doc. 37).

1

Holdings, filed a Motion for Summary Judgment (Doc. 10) which was granted by this Court on July 20, 2020. (Doc. 25). There, the Court found that Plaintiff had not provided any evidence, circumstantial or otherwise, to demonstrate that the water she allegedly slipped on was on the ground for some period of time, as required by Louisiana law. (Doc. 25, p. 4). While the Order granting the Motion for Summary Judgment was filed on July 20, 2020, the Judgment was not entered until September 21, 2020. (Doc. 37).

Rule 60 allows a court to relieve a party from a final order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)

Plaintiff argues that there were "certainly sufficient facts by which a fact-finder could reasonably infer that the water was on the floor for a sufficient time prior to the fall to establish Macy's constructive knowledge of the hazard." (Doc. 29, p. 7). In support, Plaintiff has re-submitted portions of her previously filed opposition to Defendant's motion for summary judgment. *See* (Doc. 29, p. 3–6); (Doc. 11, p. 2–5). Therefore, Plaintiff appears to merely disagree with the Court's application of the law

2

to the facts of her case, rather than to point to a source of new evidence or legal error as required by Rule 60. Therefore, Plaintiff has not demonstrated a valid reason to be relieved from the Court's Order, under Rule 60(b). The Court also notes that, were Plaintiff's Motion timely, Plaintiff's Motion does not provide a basis for relief under Rule 59(e). *See Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) ("A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence.") (citations omitted); *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" in the appellate review context as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law" (citation and internal quotation marks omitted)).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 29) is **DENIED**.

Baton Rouge, Louisiana, this 24th day of May, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

3